**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Alan R. MILLER, Respondent.**

No. 2004–SC–0318–KB.

Supreme Court of Kentucky.

Sept. 23, 2004.

## *OPINION AND ORDER*

The Respondent, Alan R. Miller, whose bar roster address is 141 Spring Street, P.O. Box 81, New Albany, Indiana, was suspended for sixty days in Indiana for professional misconduct under the provisions of the Indiana Admission and Discipline Rules. Upon motion by the Kentucky Bar Association (KBA), this Court issued a show cause order directing Respondent to show cause, if any, pursuant to SCR 3.435(2)(b), why the imposition of identical discipline should not be imposed.

SCR 3.435(4) states in pertinent part that this Court "shall impose the identical discipline unless Respondent proves by substantial evidence: (a) a lack of jurisdiction or fraud in the out-of-state disciplinary proceeding, or (b) that misconduct established warrants substantially different discipline in this State." Respondent did not respond to this Court's Order and thus failed to show cause why identical discipline should not be imposed in Kentucky.

Respondent, a public defender, entered his appearance for an incarcerated client in a criminal matter. Thereafter, he failed to appear at the pre-trial hearing, did not accept his client's collect telephone calls from jail, did not respond to his client's letters, and failed to visit his client in jail. Furthermore, Respondent failed to respond to the complaint for disciplinary action filed against him by the Indiana Disciplinary Commission. The Supreme Court of Indiana found that Respondent violated Indiana Professional Conduct Rules 1.3 (failing to act with reasonable diligence and promptness in representing a client), 1.4 (failing to keep his client reasonably informed about the status of the case, failing to respond to the client's requests for information, and failing to explain the matter to the client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation), and 8.1(b) (failing to respond to the Disciplinary Commission's lawful demands for information during its investigation). Having found such violations, the Supreme Court of Indiana suspended Respondent from the practice of law for a period of not fewer than sixty days, at the conclusion of which he is required to apply for reinstatement.

Respondent's failure to communicate with his client violated SCR 3.130–1.3, which provides that "a lawyer shall act with reasonable diligence and promptness in representing a client." His conduct in Indiana also violates Kentucky's SCR 3.130–1.4, which requires a lawyer to "keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information" and to "explain a matter to a client to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Finally, Respondent's failure to respond to the Indiana Disciplinary Commission is a violation of SCR 3.130–8.1(b), which requires an attorney to respond to a lawful demand for

information from an admissions or disciplinary authority.

Since Respondent failed to show cause why identical discipline should not be imposed in this Commonwealth, Alan R. Miller is hereby suspended from the practice of law for a period of sixty (60) days. Said suspension shall commence upon entry of this Opinion and Order.

Pursuant to SCR 3.450, Respondent is further ordered to pay all costs associated with this disciplinary proceeding. Upon finality of this Opinion and Order, an order of execution may issue from this Court for said costs.

All concur.

Entered: September 23, 2004.

/s/ Joseph E. Lambert
Chief Justice